**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THOMAS BARNDT, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-05-2666 |
| | : | |
| v. | : | (Judge Vanaskie) |
| | : | |
| MICHAEL PUCCI, | : | |
| | : | |
| Defendant. | : | |

**M E M O R A N D U M**

**I.      Background**

Plaintiff, Thomas Barndt, an inmate at the State Correctional Institution at Dallas ("SCI-Dallas"), Pennsylvania, commenced this action by filing a *pro se* civil rights complaint (Dkt. Entry 1) pursuant to 42 U.S.C. §1983. Defendant is SCI-Dallas Sargent Michael Pucci. Plaintiff claims that on June 22, 2004, Defendant used excessive force on Plaintiff, resulting in abrasions, bruises and swelling. Presently pending is Defendant's Motion for Summary Judgment. The motion has been briefed, and is ripe for determination. For the reasons set forth below, Defendant's motion will be denied.

**II.     Discussion**

  **A.     Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56(c), summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to a judgment as a matter of law." The party moving for summary judgment has the burden of proving that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Additionally, on summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Hugh v. Butler County Family YMCA, 418 F.3d 265, 266 (3d Cir. 2005). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Moreover, the dispute must be "genuine," meaning that the evidence upon which the non-movant relies must be such that a reasonable jury could return a verdict for it. Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-250 (citations omitted).

Moreover, Rule 56 provides that the adverse party may not simply sit back and rest on the allegations contained in the pleadings. Rather, the adverse party must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). When addressing a summary judgment motion, our inquiry focuses on "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.

**B.      Exhaustion Requirement**

Defendant moves for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies in regard to his excessive force claim.  Exhaustion of administrative remedies by an incarcerated person suing over matters arising out of his confinement is mandated by 42 U.S.C. § 1997e(a), which provides:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"This provision makes no distinction between an action for damages, injunctive relief, or both. The exhaustion requirement is mandatory, whether or not the administrative remedies afford the inmate-plaintiff the relief sought in the federal court action." Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000).  Thus, prisoners are required to exhaust available administrative remedies prior to seeking relief pursuant to 42 U.S.C. § 1983 or any other federal law. Jones v. Bock, 127 S. Ct. 910, 918-19 (2007).  Nevertheless, "failure to exhaust is an affirmative defense," id. at 921-22, "that must be pled and proven by the defendant." Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002) (citing Ray v. Kertes, 285 F.2d 287, 295 (3d Cir. 2002)).

The Pennsylvania Department of Corrections has established a Consolidated Inmate Grievance Review System, policy number DC-ADM 804.  With certain exceptions not applicable here, DC-ADM 804, Section VI ("Procedures") provides that, after attempted informal

3

resolution of the problem, a written grievance may be submitted to the Grievance Officer; an appeal from the Coordinator's decision may be made in writing to the Facility Manager or Superintendent; and a final written appeal may be presented to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). (Dkt. Entry 19-2 at 5 and 10.)  In support of the pending motion, Defendant has submitted an unsworn declaration of Robin Lucas, Corrections Superintendent Assistant at SCI-Dallas.  Lucas avers that a review of SCI-Dallas Grievance Appeal records establishes that, although Plaintiff did file one grievance related to the claim in the instant complaint, which was denied on initial review, Plaintiff "never appealed that grievance to the Facility Manager." (Dkt. Entry 19-2 at 6.)

       In an opposing document (Dkt. Entry 22), submitted under the penalty of perjury, Plaintiff claims that prison officials interfered with his ability to appeal his grievance. Specifically, Plaintiff claims that he "was put in the Medical 'side room' and [Corrections Officers] would not give Plaintiff his [writing materials and] Plaintiff was not allowed to have his [legal] paperwork for at least four months." (Id. at 3.)

       Prisoners are only required to exhaust such administrative remedies "as are available." 42 U.S.C. § 1997e(a). "Available" remedies are those "capable of use" or those "at hand." Brown, 319 F.3d at 113. "A grievance procedure is not available even if one exists on paper if the defendant prison officials somehow prevent a prisoner from using it." Alden v. Smith, Civil No. 3:CV-05-1735, 2007 WL 776868, at *7 (M.D. Pa., March 12, 2007) (citing

Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir.2003)(prisoner lacked available administrative remedy where prison officials refused to provide him with necessary forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir.2001)(a remedy that prison officials prevent a prisoner from utilizing is not an available remedy under 1997e(a)).

Plaintiff's declaration that prison corrections officers thwarted his access to the administrative remedy process suffices to create a genuine issue of material fact regarding whether administrative appeals were not "capable of use," and thus not "available." Id. Consequently, summary judgment on the exhaustion issue is not warranted.

### III.     Conclusion

Since there is an issue of material fact related to Plaintiff's exhaustion of "available" administrative remedies, Defendant's motion for summary judgment will be denied.  An appropriate Order follows.

                                 **s/ Thomas I. Vanaskie**
                                 Thomas I. Vanaskie
                                 United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS BARNDT,** | : | |
| Plaintiff, | : | **CIVIL NO. 3:CV-05-2666** |
| v. | : | **(Judge Vanaskie)** |
| **MICHAEL PUCCI,** | : | |
| . Defendant. | : | |

## O R D E R

**AND NOW, THIS 30th DAY OF MARCH, 2007,** in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**

1. Defendant's motion for summary judgment (Dkt. Entry 18) is **DENIED**.

2. All fact discovery shall be commenced in time to be completed by May 31, 2007.

3. Any additional motions for summary judgment shall be filed no later than June 30, 2007.

        **s/ Thomas I. Vanaskie**
        Thomas I. Vanaskie
        United States District Judge