**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THOMAS BARNDT, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-05-2666 |
| | : | |
| v. | : | (Judge Vanaskie) |
| | : | |
| MICHAEL PUCCI, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM and ORDER**

**I.   Introduction**

Plaintiff, Thomas Barndt, currently an inmate at the State Correctional Institution in Dallas ("SCI-Dallas"), Pennsylvania, commenced this pro se action by filing a civil rights complaint pursuant to the provisions of 42 U.S.C. § 1983.  Plaintiff claims that Defendant, an SCI-Dallas guard, assaulted him on June 22, 2004, and Defendant falsely charged Plaintiff with a misconduct as a result of the incident.  Pending before the Court is Plaintiff's Second Motion for Appointment of Counsel (Dkt. Entry 34).  For the reasons that follow, the Motion will be denied.

**II.   Discussion**

Although litigants have no constitutional or statutory right to appointment of counsel in a civil case, Congress has conferred the courts with broad discretionary power to request counsel to undertake representation of an indigent litigant.  See 28 U.S.C. § 1915(e)(1); Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir.

1993)); see also Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  In Tabron, the Third Circuit Court of Appeals developed a list of criteria to aid the district courts in deciding whether to seek volunteer counsel for indigent civil litigants.  As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law.  Tabron, 6 F.3d at 155.  If a claimant overcomes this threshold hurdle, the Third Circuit identified a number of factors that a court should consider when assessing a claimant's request for counsel.  These include (1) the plaintiff's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation, (4) the plaintiff's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses.  Id. at 155-57.  Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

      Here, Plaintiff's motion fails to set forth sufficient circumstances to warrant appointment of counsel.  Assuming, solely for the purpose of deciding this motion, that the Complaint has arguable merit, Plaintiff has not demonstrated that he is incapable of presenting comprehensible arguments.  Although Plaintiff is indigent and the case is likely to turn on

2

credibility determinations, both factors which would weigh in favor of appointing counsel, the legal issues are relatively uncomplicated, investigation does not appear beyond the ability of Plaintiff, expert testimony in this excessive force may not be required, and Plaintiff seems capable of presenting his arguments.  Plaintiff's motion asserts difficulties in conducting research because his "copy card" has been replaced and his mental health problems, but, ultimately, there is nothing in the instant Motion to alter the Court's decision on this issue.  In this regard, Plaintiff was able to present arguments sufficient to defeat a defense motion for summary judgment based upon failure to exhaust administrative remedies.  Consequently, the Court cannot say, at least at this point, that Plaintiff will suffer prejudice if he is forced to prosecute this case on his own.

Therefore, Plaintiff's Second Motion for Appointment of Counsel will be denied.  In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered, either by the Court on its own initiative, or upon a properly filed motion by the Plaintiff.

**AND NOW, THEREFORE, THIS 26th DAY OF JUNE, 2007, IT IS HEREBY ORDERED THAT** Plaintiff's Second Motion for Appointment of Counsel (Dkt. Entry 34) is **DENIED**.

                                             **s/ Thomas I. Vanaskie**
                                             Thomas I. Vanaskie
                                             United States District Judge