IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS BARNDT,                          :
                                        :
              Plaintiff,                :    CIVIL NO. 3:CV-05-2666
                                        :
       v.                               :    (Judge Vanaskie)
                                        :
MICHAEL PUCCI,                          :
                                        :
              Defendant.                :

MEMORANDUM

Plaintiff, Thomas Barndt ("Plaintiff" or "Barndt"), a state inmate currently

housed at the Dallas State Correctional Institution ("SCI-Dallas"), Dallas,

Pennsylvania, commenced this pro se action with a civil rights complaint filed

pursuant to the provisions of 42 U.S.C. § 1983.

On March 3, 2008, Defendant's Motion for Summary Judgment (Dkt. Entry

47) was granted as to Plaintiff's due process claim and denied as to Plaintiff's

excessive use of force claim.  (See Dkt. Entry 64.)  The case is set for trial on

Plaintiff's remaining claim on Tuesday, September 30, 2008.  (See Dkt. Entry 77.)

Presently pending before the Court is Plaintiff's fourth Motion to Appoint

Counsel (Dkt. Entry 81).  For the reasons set forth below, the Motion will be granted

conditionally provided that pro bono counsel can be found through the Pro Bono

Panel of the Federal Bar Association for the Middle District of Pennsylvania.  In addition, the trial will be continued pending the search for counsel.

Although indigent litigants have no constitutional or statutory rights to appointment of counsel in a civil case, the Court has broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1).  Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); see also Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). The Tabron Court noted that "the district court must consider as a threshold matter the merits of the plaintiff's claim."  Tabron, 6 F.3d at 155.  Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, of course, a significant factor that must be considered in determining whether to appoint counsel." Id. at 156.  "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to the appointing of counsel . . . and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed."  Id.

In addition to the factors just noted, under Tabron, a district court's decision whether to appoint counsel should also be "informed" by a consideration of the following factors: "the difficulty of the particular legal issues;" "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation;" whether "a case is likely to turn on credibility determinations;"

2

whether "the case will require testimony from expert witnesses;" and "whether an indigent plaintiff could obtain counsel on his or her own behalf." Id. at 156, 157 n.5.

The Tabron Court also held that the "appointment of counsel under § 1915(d) may be made at any point in the litigation. . . ." Id. at 156.  Finally, the Tabron Court acknowledged that "courts have no authority to compel counsel to represent an indigent civil litigant," id. at 157 n.7, and cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such appointments.  Id. at 157.

Consideration of the above factors militates in favor of appointment of counsel in this case.  Barndt's excessive use of force claim survived Defendant's Motion for Summary Judgment, and thus he has cleared the initial threshold.  Barndt also has presented sufficient reasons to demonstrate that he is unable to present his own case.  Specifically, Barndt states that he has mental problems that may affect his ability to think and function during trial. (See Dkt. Entry 81 at 1.)  He has indicated that he takes medication prescribed by a psychiatrist for his mental problems.  Also favoring appointment of counsel is the fact that this case is likely to turn on credibility determinations.  Finally, no evidence has been presented that Barndt has the ability to afford counsel.

For these reasons, in accordance with this Court's Pro Bono Attorney

program, Barndt's Motion to Appoint Counsel will be granted conditionally.  In this regard, it must be emphasized that while the Court will seek to appoint counsel for Barndt pursuant to its authority under 28 U.S.C. § 1915(e)(1), the Court does not have authority to compel counsel to take his case.  See Tabron, 6 F.3d at 157 n.7. Accordingly, Barndt is advised that if the Court is unable to appoint counsel in this matter, the conditional order for appointment of counsel will be revoked, and he will be required to proceed with his case without counsel.  An appropriate Order follows.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS BARNDT,                          :
                                        :
                Plaintiff,              :    CIVIL NO. 3:CV-05-2666
                                        :
        v.                              :    (Judge Vanaskie)
                                        :
MICHAEL PUCCI,                          :
                                        :
                Defendant.              :

## ORDER

NOW, THIS 10th DAY OF SEPTEMBER, 2008, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

1.      In accordance with this Court's Pro Bono Attorney program, Barndt's Motion to Appoint Counsel (Dkt. Entry 81) is GRANTED CONDITIONALLY.

2.      If counsel cannot be found to represent Barndt, the conditional order for appointment of counsel will be revoked, and Barndt will be required to proceed with his case without counsel.

3.      The Clerk of Court is directed to forward a copy of this Order; the Complaint (Dkt. Entry 1); the Court's March 3, 2008 Memorandum and Order (Dkt. Entry 64); and the Court's August 7, 2008 Pretrial Order (Dkt. Entry 77) to the pro bono chair of the Middle District of Pennsylvania Chapter of the Federal Bar

Association.  Within thirty (30) days from the date of this Order, the pro bono chair

of the Middle District of Pennsylvania Chapter of the Federal Bar Association is to

inform the Court in writing whether a volunteer attorney will enter his or her

appearance on behalf of Plaintiff.

     4.     In light of the disposition of Plaintiff's Motion to Appoint Counsel, the

trial in this case scheduled for September 30, 2008 is CONTINUED pending further

Order of Court.


                         s/ Thomas I. Vanaskie
                         Thomas I. Vanaskie
                         United States District Judge